[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought under Connecticut General Statutes Section 12-119, in which it is claimed that the defendant, Town of Haddam, levied an assessment and tax upon the property of the plaintiff which was manifestly excessive and could not have been arrived at except by disregarding the statutes for determining the valuation of such property.
A trial of this matter was held on October 3, 1995 and October 12, 1995. The testimony of the witnesses indicated that the plaintiff had been a builder for approximately 48 years and was intimately familiar with real estate and the purchase and sale of real estate in the State of Connecticut and more particularly in the Meriden area. The plaintiff testified that there was sufficient land to build a house upon the land in question, although a good deal of it was inland/wetlands.
The plaintiff had an expert witness namely, Edward Schwartz, a real estate appraiser for the past 47 years and he testified that in his opinion the Fair Market Value in June of 1995, was $10,000.00 and the Fair Market Value on October 1, 1991, the date of the reevaluation by the Town of Haddam was approximately CT Page 13571 $14,000.00 to $15,000.00. He also ventured the opinion that there was no legal access to the property, but he was not qualified as a Lawyer, Title Searcher, and did not indicate that he had done a title search and there was no basis for his opinion with regard to the access matter. The plaintiff in his testimony also argued that there was a problem with access and that there was in fact that he was unable to obtain access to the property because wet lands prevented him from having suitable access. The land in question is land that abuts land leftover from a taking by the State of Connecticut for the connector to Route 9. This land which is sufficient to meet the Zoning Requirements lies several hundred feet in from Ruth Hill Road and is separated from said Ruth Hill Road by land of the State of Connecticut. The court having heard and weighed all of the testimony and evidence submitted finds that the plaintiff failed to carry his burden of proof. Unlike an appeal from the Board of Tax Review (Section 12-115) in a case brought under section 12-119 of the General Statutes "the plaintiff must satisfy the trier that a far more exact interest has been met; either there was misfeasances or nonfeasances by the taxing authorities, or the assessment was arbitrarily or so excessive or discriminatory as in itself to show a disregard on their part." Second Stone Ridge CooperativeCorporation v. Bridgeport, 220 Conn. 335 (341).
The testimony of the Assessor of the Town of Haddam satisfied of this court that there was no misfeasances or nonfeasances by the assessment taxing authorities or that the assessment was arbitrary or excessive.
The plaintiff had the burden of proof with regards to the issue of access and failed to establish that there was in fact no legal access to his property. Had the plaintiff successfully introduced evidence and proved that there was no legal access to his property then in that invent he would of been entitled to relief under Section 12-119 of the General Statutes.
Judgment may enter for the defendant, Town of Haddam.
O'CONNELL CT Page 13572